UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

        Plaintiff,

                                    Case No. 11-cv-13251
                                    Honorable Gershwin A. Drain

v.

SUSIE SCHEENKS, *et al.*,

        Defendants.

_____/

## ORDER REGARDING STATUS CONFERENCE

This is an interpleader action involving a dispute between a decedent's daughters over the validity of the decedent's decision to change an ERISA plan beneficiary from one daughter to the other. Plaintiff, Metropolitan Life Insurance Company ("MetLife"), the party responsible for paying the death benefit, filed the instant action after receiving competing claims from *pro se* Defendants Susie Scheenks and Laura Turkaly. Defendant Turkaly is the oldest daughter of the decedent, Mary Breiss (the "Decedent"), and until a month prior to the Decedent's death was the named beneficiary under the plan. On November 27, 2010, the Decedent changed her beneficiary designation to her daughter, Defendant Scheenks. Defendant Turkaly claims that the November 27, 2010 beneficiary designation form contains her mother's forged signature. Alternatively, she argues that Decedent was not mentally competent at the time the November 27, 2010 beneficiary designation form

-1-

was executed.

The Court, by way of stipulation of the parties, has already determined that this action is appropriately brought as an interpleader action. See Dkt. No. 9. MetLife deposited the death benefit proceeds with the Registry of the Court, and was dismissed with prejudice from this action. See Dkt. No. 10. The only remaining issue in this matter is the validity of the Decedent's change to her designated beneficiary in November of 2010. It is Defendant Turkaly's burden to establish that the designation form contains a forgery, and that the Decedent was mentally incompetent to execute the beneficiary designation form on November 27, 2010. See Aegon Structured Settlements, Inc. v. Hicks, No. 10-14996, 2011 U.S. Dist. LEXIS 150425, *9-10 (E.D. Mich. Nov. 16, 2011); see also, Metro. Life Ins. Co. v. Thomas, No. 10-00290, 2011 U.S. Dist. LEXIS 64837, *4 (E.D. Mich. June 20, 2011).

"[T]he test to be applied in determining the mental competency of an insured at the time the insured attempts to effect a change of beneficiaries . . . is whether the insured had sufficient mental capacity to understand the business in which the insured was engaged, to know and understand the extent of the insured's property, how the insured wanted to dispose of it, and who are the dependent upon the insured." Estate of Erickson v. Michigan Conference Ass'n of Seventh-Day Adventists, 202 Mich. App. 329, 333, 508 N.W.2d 181 (1993). Forgery is defined as the making of a false document with the intent to deceive in a manner which exposes another to loss. See Thomas, 2011 U.S. Dist. LEXIS at *4. Fraud must be established by clear and convincing evidence. Id.

On March 23, 2012, Magistrate Judge Mona Majzoub conducted a settlement conference and was unable to bring the parties to an agreed upon and voluntary resolution

of this dispute. This Court was recently reassigned this matter and a review of the docket reveals that nothing has transpired in this action in over seven months. Accordingly, this Court set this matter for status conference on November 28, 2012 at 10:00 a.m.

### **COURT'S REQUIREMENTS FOR THE NOVEMBER 28, 2012 CONFERENCE**

In order to conduct a meaningful status conference in this matter, the Court ORDERS the parties to be prepared to discuss the evidence, documentary and witness testimony, that the parties will rely upon to establish their claim to the death benefit. The Court anticipates setting a dispositive motion cut-off date or a trial date in the near future in an effort to avoid any continuous undue delay in this matter.

It is imperative that the Defendants appear for the conference to discuss their relative positions and the evidence they intend to introduce in a dispositive motion or at trial to either establish or rebut that (1) the Decedent's signature was forged on the November 27, 2010 beneficiary form and (2) the Decedent lacked the requisite mental competency at that time to execute the form. The Court WILL NOT entertain any discussion that is unrelated to the disposition of the sole remaining issue herein. For instance, the parties apparent dispute about the proceeds from the sale of the Decedent's condominium is irrelevant to determining whether Decedent's signature was forged or whether she had the mental competency to execute a change to her beneficiary designation.

SO ORDERED.


Dated: November 7, 2012            /s/Gershwin A Drain
                                   GERSHWIN A. DRAIN
                                   United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
<u>     November 7, 2012</u>, by electronic and/or ordinary mail.

<u>/s/ Tanya Bankston    </u>
Deputy Clerk