UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INSURANCE
COMPANY,

        Plaintiff,

                                          Case No. 11-cv-13251
                                          Honorable Gershwin A. Drain
v.


SUSIE SCHEENKS, *et al.*,

        Defendants.

_____/


ORDER REGARDING DISPOSITION OF INTERPLEADER FUNDS

    This is an interpleader action involving a dispute between a decedent's daughters over the validity of the decedent's decision to change an ERISA plan beneficiary from one daughter to the other. Plaintiff, Metropolitan Life Insurance Company ("MetLife"), the party responsible for paying the death benefit, filed the instant action after receiving competing claims from *pro se* Defendants Susie Scheenks and Laura Turkaly. Defendant Turkaly is the oldest daughter of the decedent, Mary Breiss (the "Decedent"), and until a month prior to the Decedent's death was the named beneficiary under the plan. On November 27, 2010, the Decedent changed her beneficiary designation to her daughter, Defendant Scheenks. Defendant Turkaly claims that the November 27, 2010 beneficiary designation form contains her mother's forged signature. Alternatively, she argues that Decedent was not mentally competent at the time the November 27, 2010 beneficiary designation form was executed.

-1-

The Court, by way of stipulation of the parties, has already determined that this action is appropriately brought as an interpleader action. *See* Dkt. No. 9. MetLife deposited the death benefit proceeds with the Registry of the Court, and was dismissed with prejudice from this action. *See* Dkt. No. 10. The only remaining issue in this matter is the validity of the Decedent's change to her designated beneficiary in November of 2010. It is Defendant Turkaly's burden to establish that the designation form contains a forgery, and that the Decedent was mentally incompetent to execute the beneficiary designation form on November 27, 2010. *See Aegon Structured Settlements, Inc. v. Hicks*, No. 10-14996, 2011 U.S. Dist. LEXIS 150425, *9-10 (E.D. Mich. Nov. 16, 2011); *see also, Metro. Life Ins. Co. v. Thomas*, No. 10-00290, 2011 U.S. Dist. LEXIS 64837, *4 (E.D. Mich. June 20, 2011).

On November 21, 2012, Defendant Turkaly executed a durable power of attorney authorizing Thomas Turkaly to act on her behalf relative to this matter. *See* Dkt. No. 19. On November 28, 2012, this Court conducted a status conference. Thomas Turkaly and Susie Scheenks appeared at the conference. At the conference, the Court scheduled a bench trial to commence on January 7, 2013.

On January 3, 2013, the Court received correspondence from Thomas Turkaly indicating that his wife seeks to withdraw her claim to the death benefits due to her health and the stress involved in participating in the upcoming bench trial. *See* Dkt. No. 18. Accordingly, based on Thomas Turkaly's representation that his wife seeks to withdraw her claim to the insurance benefits, the only remaining Defendant, Susie Scheenks, is entitled to the entire amount of the insurance proceeds. This position is supported by the document attached to MetLife's interpleader complaint, which demonstrates that the most recent beneficiary designation by the Decedent designated: Susie

Scheenks as the primary beneficiary entitled to one hundred percent (100%) of the group life insurance benefits.

For the reasons set forth above, the Clerk of the Court SHALL pay from the life insurance benefits previously deposited, the sum of $5,000.00, representing the entire amount of dependent group life insurance benefits deposited with the Court, less any fee authorized by the Judicial Conference that has been deducted by the Clerk of the Court, to Defendant Susie Scheenks. Thus, $5,000.00 and interest accrued, if any, shall be distributed to Defendant Susie Scheenks.[1]

SO ORDERED.

Dated: January 7, 2013 /s/Gershwin A Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 7, 2013, by electronic and/or ordinary mail.

/s/ Tanya Bankston
Deputy Clerk

---

[1] A separate order directing the Clerk of the Court to distribute the proceeds to Susie Scheenks shall be issued forthwith.